FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 27, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMANUEL L. FINCH, SR., <br><br>  Plaintiff, <br><br>  v. <br><br> SUSAN BILLER, <br><br>  Defendant. | No. 2:22-CV-00024-SAB <br><br> **ORDER REMANDING CASE** |

Plaintiff Emanuel L. Finch, Sr., representing himself, filed this action in Spokane County Superior Court on January 21, 2022. ECF No. 1-2 at 2. Defendant Susan Biller removed the action to the U.S. District Court for the Eastern District of Washington on February 17, 2022. ECF No. 1. On March 7, 2022, Mr. Finch filed a Motion for Appointment of Counsel and Motion for Writ of Certiorari. ECF Nos. 4, 5. The Court denied both motions on April 11, 2022. ECF No. 8. In its Order, the Court found that Mr. Finch had implicitly stated a 42 U.S.C. § 1983 cause of action. *Id.* at 5.

Upon close review of the legal standard and Complaint, the Court now finds Mr. Finch has not stated a claim under federal law. Accordingly, the Court lacks subject matter jurisdiction over the action, and the case is remanded to state court.[1]

---

[1] As the parties have already had an opportunity to brief removal jurisdiction, the Court declines to request further briefing on the issue. ECF Nos. 2, 7.

**ORDER REMANDING CASE** *1

## PLAINTIFF'S COMPLAINT

Mr. Finch filed his Complaint in Spokane County Superior Court on January 21, 2022. ECF No. 1-2. He brings this action against Ms. Biller, an Administrative Program Manager ("APM") at the Airway Heights Correctional Center, in her "official and individual capacity." *Id.* at 4–5. The following facts derive from Mr. Finch's Complaint. *See generally id.*

Mr. Finch is currently incarcerated at Airway Heights Correctional Center. While incarcerated, he was involved in a divorce proceeding before the Spokane County Superior Court. On September 28, 2021, Mr. Finch received a letter from the state court scheduling a video or telephonic conference in that action. Mr. Finch states that he contacted his counselor to arrange the conference, and the counselor indicated that Ms. Biller could (or would) arrange the virtual hearing. Ms. Biller allegedly responded that she was not allowed to set up a virtual appearance for Mr. Finch.

Mr. Finch sent follow-up correspondence to the state court a few days later, indicating that he is unable to virtually appear because Ms. Biller considered the appearance to be "personal." *Id.* at 6. On October 26, 2021, Mr. Finch received a letter from the state court acknowledging he was unable to appear by video or telephone. Mr. Finch filed a complaint with the Washington State Department of Corrections regarding the incident on October 30, 2021. On December 15, 2021, Mr. Finch called the state court and was informed that a default order had been issued against him because he failed to appear.

## COMPLAINT REVIEW

A. <u>Legal Standard</u>

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action from state to federal court if the federal court has original subject matter jurisdiction over the action. Federal district courts have original jurisdiction over claims arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. In order

for the defendant to remove, the federal claims must appear on the face of plaintiff's well-pleaded complaint. *Lyons v. Alaska Teamsters Emp. Serv. Corp.*, 188 F.3d 1170, 1171 (9th Cir. 1999) (citing *Tingey v. Pixley–Richards West, Inc.*, 953 F.2d 1124, 1129 (9th Cir. 1992)). Upon removal, the district court must determine whether the federal court has subject matter jurisdiction. *Id.*; *see also* Fed. R. Civ P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

Relatedly, the Court has jurisdiction to raise sua sponte the issue of a Complaint's failure to state a legally sufficient claim upon which relief can be granted. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 637–38 (9th Cir. 1988). When reviewing a complaint for legal sufficiency, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). On the other hand, mere legal conclusions, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699.

B. <u>Discussion</u>

In removing the present action to federal court, Ms. Biller indicated that she construed Mr. Finch's Complaint as asserting a constitutional claim regarding the right to access courts under 42 U.S.C. § 1983, as well as state law negligence claims. ECF No. 2 at 5–6. Mr. Finch has objected to the removal repeatedly, contending that he did not intend to bring a federal cause of action or accuse Ms. Biller of depriving him of any right under color of law pursuant to Section 1983. ECF Nos. 9 at 6, 7 at 6–7.

The constitutional right of access to courts applies only to criminal habeas petitions in which inmates directly or collaterally attack their convictions, or to sentences and federal civil rights actions in which the inmate challenges the

**ORDER REMANDING CASE *3**

conditions of their confinement under federal law. *See Lewis v. Casey*, 518 U.S. 343, 354–55 (1996) (citing cases); *Cornett v. Donovan*, 51 F.3d 894, 896 (9th Cir. 1995) (stating the right of access to the courts "is designed to ensure that a habeas corpus petition or a [federal] civil rights complaint of a person in state custody will reach a court for consideration").

Although Mr. Finch's Complaint cites First and Fourteenth Amendment precedent regarding the constitutional right of access to courts, Mr. Finch has not plainly brought a federal cause of action. *See, e.g.*, ECF No. 1-2 at 11 (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). Rather, as noted in the Court's previous Order, Mr. Finch has expressly asserted state law claims. ECF No. 1-2 at 4–5, 10. Despite the citations to federal law, the Court now finds Mr. Finch's Complaint does not, on its face, assert a cause of action under 42 U.S.C. § 1983. *See Lyons*, 188 F.3d at 1171. Mr. Finch's filings support this interpretation of the Complaint. ECF Nos. 9 at 6, 7 at 6–7.

Even more, Mr. Finch has not brought a habeas petition or challenge to the conditions of his confinement. Instead, he contends that he was improperly denied access to the state courts for purposes of litigating his divorce proceeding. ECF No. 1-2 at 5–6, 11. Taking Mr. Finch's factual allegations as true and construing them in the light most favorable to him, the facts alleged in the Complaint are insufficient to state a claim for violation of his constitutional right to access courts. *Balistreri*, 901 F.2d at 699. Due to the foregoing, Mr. Finch has not pled a question of federal law over which this Court has original jurisdiction, and the matter is remanded to state court. *See* 28 U.S.C. § 1331.

//
//
//
//
//

**ORDER REMANDING CASE** *4

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint is **REMANDED** to the Spokane County Superior Court (former Spokane County Superior Court Case No. 22-2-00214-32).

2. The District Court Executive is directed to **CLOSE** the file.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to file this Order, provide copies to counsel and pro se Plaintiff, and <u>mail a certified copy to the Clerk of the Spokane County Superior Court</u>.

**DATED** this 27th day of April 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER REMANDING CASE *5**